# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CRISTAL MILLER,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-0480** (BOR Appeal No. 2053601)
(Claim No. 2017002117)

**BARBOUR COUNTY GOOD SAMARITAN CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cristal Miller, by Counsel William C. Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Barbour County Good Samaritan Center, by Counsel Mark J. Grigoraci, filed a timely response.

The issue on appeal is additional compensable conditions. The claims administrator denied the addition of low back pain, tingling in the legs, thoracic sprain, and left-sided sciatica as compensable conditions in the claim on May 14, 2018. The Office of Judges affirmed the decision in its November 2, 2018, Order. The Order was affirmed by the Board of Review on April 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Miller, a certified nursing assistant, was injured in the course of her employment on July 23, 2016, while transferring a patient. Treatment notes from Davis Memorial Hospital Emergency Room that day indicate that she reported lower back pain, difficulty walking, and lower extremity numbness. She stated that she had a prior history of low back injury with similar symptoms. She was diagnosed with low back strain.

Ms. Miller previously injured her lower back in 2004 while lifting a patient. The claim was held compensable for lumbar sprain/strain, and the claim was closed on December 7, 2005.

1

Treatment notes from John Henderson, M.D., and Karen Spotloe, PA-C, from February 8, 2016, through March 25, 2016, indicate Ms. Miller was treated for low back pain after she bent over at work and felt a pop in her low back. She reported severe pain that radiated into the left lower extremity. Dr. Henderson diagnosed left-sided sciatica. Ms. Miller was treated with medication, physical therapy, rest, and acupuncture. She was released to return to light duty work on March 28, 2016.

An August 16, 2016, treatment note from Kyle West, DPT, indicates Ms. Miller underwent physical therapy for the work-related injury at issue. It was noted that she reported a prior work-related lower back injury. On September 7, 2016, Ms. Miller again sought treatment from Ms. Spotloe and reported increased lumbar spine pain. Ms. Miller also reported minor thoracic spine pain. The assessment was thoracic sprain, lumbar sprain, and low back pain. On September 21, 2016, Ms. Miller reported increased tenderness in the thoracic spine. Ms. Spotloe recommended referral to a new physical therapist and MRIs of the lumbar and thoracic spines. On October 14, 2016, Ms. Spotloe recommended referral to a neurosurgeon after reviewing Ms. Miller's October 12, 2016, lumbar MRI, which showed disc desiccation and facet arthropathy at all levels. There was a minimal disc bulge at L3-4, a mild bulge at L4-5, and a disc protrusion at L5-S1. The impression was multilevel degenerative changes, and a consultation with a neurosurgeon was recommended. On November 9, 2016, Ms. Miller reported sharp pain in her back after bending at home, along with increased numbness in her left leg and the development of tingling in her right leg. The assessment was bilateral tingling, thoracic sprain, lumbar sprain, and low back pain.

In an October 19, 2016, physical therapy evaluation note, Matthew Lee, P.T., noted that Ms. Miller reported low back pain extending into her thigh with numbness and tingling in the left foot. She denied any prior back problems or injuries. Mr. Lee noted that Ms. Miller was recently referred back to physical therapy. Mr. Lee diagnosed chronic lumbosacral strain with radicular pain and symptoms of paresthesia. There were no significant signs of L5 or S1 radiculopathy. The claims administrator held the claim compensable for lumbar sprain/strain on March 30, 2017.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 10, 2017, in which he noted that Ms. Miller was injured while lifting a patient at work in July of 2016. She stated that she had no prior lower back injuries. Dr. Mukkamala found on examination that Ms. Miller had reduced range of motion but no motor or sensory abnormalities. Dr. Mukkamala determined that the compensable injury resulted in a lumbar sprain, which typically resolves in four to six weeks. He opined that the changes seen on the lumbar MRI were degenerative and unrelated to the compensable injury. Dr. Mukkamala therefore concluded that Ms. Miller's compensable lumbar sprain had resolved, and her current symptoms were the result of noncompensable degenerative spondyloarthropathy.

Ms. Spotloe completed an attending physician's report on August 7, 2017, in which she listed the compensable conditions as lumbar sprain, thoracic sprain, low back pain, left-sided radiculopathy, and hypoesthesia of the skin as a result of her compensable injury. The claims administrator denied the addition of low back pain, tingling in the legs, thoracic sprain, and left-sided sciatica as compensable conditions in the claim on May 14, 2018. The Office of Judges affirmed the claims administrator's decision in its November 2, 2018, Order.

The Office of Judges found that the diagnosis update request was not introduced into the record. Ms. Spotloe completed an attending physician's report in which she listed the compensable conditions as low back pain, tingling in the legs, thoracic sprain, left-sided sciatica, and hypoesthesia of the skin. The Office of Judges determined that the only condition that was held compensable was lumbar sprain. Further, there was no medical evidence of record to support a finding of compensability for the requested conditions.

The Office of Judges also determined that most of the requested diagnoses preexisted the compensable injury. Ms. Miller previously injured her lower back in 2004. She was treated for low back pain, left-sided sciatica, and lower extremity tingling from February 8, 2016, to March 25, 2016, and her lumbar MRI revealed preexisting degenerative changes. The Office of Judges further found that Dr. Mukkamala opined in his evaluation that Ms. Miller's current symptoms were the result of preexisting conditions. The Office of Judges therefore concluded that left-sided sciatica, low back pain, and lower extremity tingling preexisted the compensable injury.

Regarding thoracic strain, the Office of Judges found that the medical evidence indicates Ms. Miller did not injure her thoracic spine on July 23, 2016. The initial treatment notes fail to mention thoracic spine complaints or injury. Physical therapy records and medical records also failed to mention thoracic spine complaints or an injury until Ms. Spotloe diagnosed thoracic sprain on September 7, 2016. Finally, Dr. Mukkamala determined that the compensable injury only resulted in a lumbar sprain. Based on the above evidence, the Office of Judges determined that thoracic sprain should not be added to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The diagnosis update request was not introduced into the record. Ms. Spotloe completed an attending physician's report which listed the requested conditions as conditions that had already been held compensable. The report did not address causation. The medical records clearly show that Ms. Miller had preexisting lumbar spine issues, and a lumbar MRI showed degenerative changes. Further, she was treated for a work-related lumbar spine injury prior to the compensable injury at issue, which caused left-sided sciatica and lower extremity pain. Ms. Miller also did not sustain a thoracic spine injury on July 23, 2016. Thoracic symptoms were not noted until September of 2016.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4